UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PAKENAUTH GEER,

                    Plaintiff,

                    -against-

AUDREY I. PHEFFER, Chief Clerk;
JACK WARSAWSKY, District Attorney,
CATHERINE H. TABINSKY, Court Reporter,

                    Defendants.
-----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-2829 (CBA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 23 2014 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge:**

Plaintiff Pakenauth Geer, currently incarcerated at Washington Correctional Facility, in Comstock, N.Y., brings this pro se complaint, under 42 U.S.C. § 1983. Plaintiff's request for in forma pauperis status, pursuant to 28 U.S.C. § 1915, is granted for the limited purpose of this order. For the reasons set forth below, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted.[1]

**Background**

Plaintiff alleges that, on April 4, 2005, he was sentenced – apparently in New York state court – to a "12-17 years split bid, with parole release within (5 years)." (Complaint ("Compl.") at 4.) Plaintiff's complaint sets forth three claims, which arise out of alleged actions by state

---

[1] On February 28, 2014, plaintiff filed an action pursuant to 42 U.S.C. § 1983 against the same defendants making similar factual allegations. Plaintiff's submission failed to include the filing fee or a completed in forma pauperis application. By letter entered March 5, 2014, plaintiff was provided with the proper form and was instructed that, in order to proceed, he had to return the completed in forma pauperis application to the Court. Plaintiff failed to do so, and the Court dismissed the matter on May 9, 2014. See Geer v. Pheffer, No. 14-cv-1447.

1

officials subsequent to the imposition of that sentence. First, he alleges that Audrey Pheffer – identified as "chief clerk at [the] Queens County Clerk's office" – violated unspecified rights under the United States Constitution by refusing to provide him with copies of documents relating to his sentencing and imprisonment. (Compl. at 4-5, 11-13, 16-18.) Based on the complaint and correspondences included as part of it, plaintiff appears to have filed requests for these documents based on two distinct freedom of information regimes. Plaintiff made one request pursuant to New York's state Freedom of Information Law ("FOIL"), under N.Y. Pub. Off. Law § 87. (Compl. at 4, 11-13.) He made a second pursuant to the federal Freedom of Information Act ("FOIA"), under 5 U.S.C. § 552. (Compl. at 5, 12-13.) The office appears to have responded that his sentencing and commitment papers could be viewed but not copied. (Compl. at 16-17.)

Second, plaintiff alleges that Jack Warsawksy, as a member of the Queens District Attorney's Office, induced court reporter Catherine Tabinsky to falsify a transcript in plaintiff's case. (Compl. at 4-5.) That, plaintiff claims, resulted in the extension of his sentence to seventeen years. (Compl. at 4.) Plaintiff remains in prison even though, according to plaintiff, his April 4, 2005, sentence contemplated release on parole after five years, which due in part to time served in pre-trial detention, would have led to plaintiff's release in 2006. (Id.)

Plaintiff asks that the Court: (1) order state officials to comply with his FOIL and FOIA requests; (2) order him released from his allegedly "illegal[] imprisonment"; and (3) award him monetary damages totaling $10 million on the basis of that illegal imprisonment. (Compl. at 5.)

### Standard of Review

Under the Prison Litigation Reform Act ("PLRA"), a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that sua sponte dismissal of frivolous prisoner complaints, pursuant to the PLRA, is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to construe the plaintiff's pro se complaint liberally and interpret it raising the strongest arguments it fairly suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction is particularly important when a pro se litigant's pleadings allege civil rights violations. Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Finally, a pro se complaint should not be dismissed without granting a pro se plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted).

## Discussion

### 1. FOIA and FOIL Requests

Plaintiff's freedom of information claim, as pleaded, is a component of the plaintiff's Section 1983 claim. However, given the Court's responsibility to construe a pro se complaint liberally, the Court first evaluates this claim as if it were a standalone claim pursuant to FOIA and FOIL. On that interpretation, this part of plaintiff's complaint fails.

First, FOIA only authorizes suits against federal agencies and does not apply to individual officers or state agencies. See 5 U.S.C. §§ 551(1), 552(a)(4)(B), (f) (authorizing a private right of action against a non-compliant "agency," the definition of which includes neither an individual official nor a state agency); see also Grand Cent. Partnership, Inc. v. Cuomo, 166 F.3d 473, 484 (2d Cir.1999) (denying FOIA relief against an individual city official and stating that "it is beyond question that FOIA applies only to federal and not to state agencies"). Second, although FOIL is the right vehicle for a state agency documents request, federal district courts lack jurisdiction to decide whether a defendant's actions violated FOIL. See Schuloff v. Fields, 950 F. Supp. 66, 67 (E.D.N.Y. 1997). The appropriate way to bring such a claim is "a state court proceeding pursuant to N.Y. C.P.L.R. Article 78 upon exhaustion of administrative remedies."[2] Luo v. Baldwin Union Free Sch. Dist., No. 12-cv-6054, 2013 WL 4719090, at *4 (E.D.N.Y. Sept. 3, 2013) (internal quotation marks omitted) (quoting Schuloff, 950 F. Supp. at 67-68); see also N.Y. Pub. Off. Law § 89(4)(b) (laying out appeals procedure).

Here, plaintiff's FOIA claim fails because defendant Pheffer is not a federal agency but an

---

[2] The "administrative remedies" typically involve a resort to the allegedly non-compliant agency's appeals body. See McLean v. Brown, No. 08-cv-5200, 2010 WL 2609341, at *7 (E.D.N.Y. June 25, 2010).

4

individual employed by a state agency. See Grand Cent. Partnership, 166 F.3d at 484. Plaintiff's FOIL claim fails because this Court lacks jurisdiction over it.[3] See Schuloff, 950 F. Supp. at 67. Therefore, to the extent that plaintiff's complaint arises solely under FOIA or FOIL, as distinguished from a Section 1983 violation, it is dismissed because it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

**2. Section 1983 and FOIL**

Plaintiff's freedom of information requests fare no better when interpreted as predicates for his Section 1983 claim. That is because, as a matter of law, FOIL violations do not give rise to a colorable claim under 42 U.S.C. § 1983.[4] To maintain a Section 1983 action, plaintiff must allege that the conduct at issue: (1) was "committed by a person acting under color of state law" and (2) "deprived [plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)) (internal quotation marks omitted). Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist., 423 F.3d 153, 159 (2d Cir. 2005) (citing Okla. City v. Tuttle, 471 U.S. 808, 816 (1985)).

"[A] violation of state law is not cognizable under §1983." Pollnow v. Glennon, 757 F.2d 496, 501 (2d Cir. 1985). FOIL violations are no exception to that rule. Old St. George's LLC v.

---

[3] However, nothing in this order prevents the plaintiff from pursuing his FOIL claim through the state administrative appeals process and, if necessary, an Article 78 proceeding.

[4] FOIA non-compliance is immaterial to a Section 1983 claim because FOIA, as noted in the prior section, only applies to federal agencies. See Reed v. Medford Fire Dep't., Inc., 806 F. Supp. 2d 594, 607 (E.D.N.Y. 2011). Therefore, defendant Pheffer could not have violated any of plaintiff's rights based on her response to plaintiff's FOIA request.

5

Bianco, 389 F. App'x 33, 35 (2d Cir. 2010). Moreover, courts in this district have repeatedly held that FOIL violations do not constitute federal constitutional claims sufficient to satisfy the second prong of Section 1983. See, e.g., Luo, 2013 WL 4719090, at *4 (holding that FOIL violations do not violate First Amendment); McLean, 2010 WL 2609341, at *2-3, 7 (finding, in due process challenge, that FOIL procedures are not "fundamentally unfair" on their face and that a nearly six year delay in disclosing documents did not imbue alleged FOIL violation with constitutional significance); Blount v. Brown, No. 10-cv-1548, 2010 WL 1945858, at *2 (E.D.N.Y. May 11, 2010) (holding that plaintiffs, in procedural due process context, have no property interest in FOIL documents); Schuloff, 950 F. Supp. at 68 (FOIL requests cannot implicate First Amendment because it "does not encompass the right to compel a speaker to speak or otherwise provide information and ideas.")

Here, plaintiff states that defendant Pheffer's failure to comply with his FOIL request violated his "Federal Rights" under "the United States Constitution."[5] (Compl. at 5.) He does not specify to which rights he is referring. Efforts in Section 1983 cases to link FOIL violations to federal rights violations have repeatedly and uniformly failed to persuade courts in this district. That includes cases involving what appear to be fairly egregious FOIL violations. See McLean, 2010 WL 2609341, at *2-3, 7 (six year delay in disclosing FOIL documents to prisoner). Nothing

---

[5] Plaintiff claims that defendant Pheffer's alleged failure to comply with his FOIL request violates "section 2255," (Compl. at 5), likely a reference to 28 U.S.C. § 2255. That statute is wholly inapplicable to plaintiff's situation. It applies only to prisoners sentenced under federal law by a federal court. 28 U.S.C. § 2255(a). Plaintiff was sentenced under state law by a state court. (See Compl. at 14-15.) Even if plaintiff intended to refer to the state custody habeas statute, an order requiring a state official to comply with a FOIL request – if granted – would not constitute a remedy under that statute. See 28 U.S.C. § 2254; see also Section 3, infra.

in plaintiff's complaint suggests that his FOIL-related claim is distinguishable from past cases.[6] The complaint, therefore, does not satisfy the second prong of Section 1983 and is dismissed for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

### 3. Section 1983 and Illegal Imprisonment

Insofar as plaintiff seeks relief from his allegedly illegal imprisonment, his complaint must be dismissed. Construed broadly, plaintiff's complaint may be read to seek relief in the form of release from Washington Correctional Facility or money damages. (Compl. at 5.) United States Supreme Court precedent forecloses either form of relief.

In Preiser v. Rodriguez, the Supreme Court held that Section 1983 is not a proper means for a state prisoner to "challeng[e] the very fact or duration of . . . physical imprisonment," as opposed to the conditions of his imprisonment. 411 U.S. 475, 499-500 (1973); see also Poventud v. City of New York, 750 F.3d 121, 128 (2d Cir. 2014) (outlining Preiser doctrine). For such challenges, the "sole federal remedy is a writ of habeas corpus." Abdul-Hakeem v. Koehler, 910 F.2d 66, 69 (2d Cir. 1990) (quoting Preiser, 411 U.S. at 500) (internal quotation marks omitted). Subsequently, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held further that a Section 1983 suit for money damages grounded in an allegedly unlawful criminal sentence must comply with what has come to be called the "favorable termination" rule. See Foster v. Diop, No. 11-cv-4731, 2013 WL 1339408, at *7 (E.D.N.Y. Mar. 31, 2013) (citing Peralta v. Vasquez, 467 F.3d 98, 100 (2d Cir. 2006)). That rule states:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for

---

[6] In fact, it seems from materials included as part of plaintiff's complaint, that the Queens County Clerk's Office has responded to plaintiff's request and alerted him to the fact that the requested documents "may be viewed but not copied." (Compl. at 16-20.)

other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Peralta, 467 F.3d at 102 (quoting Heck, 512 U.S. at 486-87). Heck tasked district courts with deciding, when a state prisoner seeks damages under Section 1983, whether a favorable judgment "would necessarily imply the invalidity of his conviction or sentence . . . ." Id. at 102 (quoting Heck, 512 U.S. at 487). If so, dismissal is required, unless the plaintiff can show that his conviction or sentence has already been invalidated. On the other hand, Heck is no bar to suit if a successful Section 1983 damages claim would not necessarily imply that his conviction or sentence was invalid. Id.

To the extent plaintiff seeks release from prison, he must file a federal habeas petition, pursuant to 28 U.S.C. § 2254.[7] As for money damages, the plaintiff's core contention is that his imprisonment is illegal and that his sentence is the product of a fraud perpetrated by defendants Warsawsky and Tabinsky. (Compl. at 4-5 (On the basis of documents allegedly falsified by these defendants, "my sentence [was] change[d] behind my back by an unknown illegitimate judge and that's how I'm in jail illegally . . . .").) The Court, therefore, finds that, should plaintiff's Section 1983 claim succeed, it would "necessarily imply the invalidity" of his sentence. See Heck, 512 U.S. at 487. The only way for plaintiff's claim to survive is for him to show that his conviction or sentence has already been invalidated in one of the ways set forth in Heck. Id. at 486-87. Plaintiff

---

[7] Since filing the instant suit, plaintiff has sought a writ of habeas corpus before this Court. The petition was filed September 4, 2014, and has not yet been adjudicated. See Geer v. People of the State of New York, No. 14-cv-5216. This order does not affect or make any representation as to the merit of plaintiff's habeas petition.

has not put forth any allegations to that effect. Accordingly, his claim must be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

**Conclusion**

Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Court does not grant leave to amend because the complaint, even when liberally construed, fails to give "any indication that a valid claim might be stated" in this particular case. See Gomez, 171 F.3d at 795. However, that does not mean plaintiff is without recourse. With respect to his FOIL request, it bears emphasizing that nothing in this order precludes plaintiff challenging the response to his request through the administrative appeals processes or Article 78 proceedings referenced above. See Section 1, supra. Moreover, as to claims arising from plaintiff's sentencing and imprisonment, he has already filed a habeas petition and nothing in this order impedes his ability to pursue that avenue of relief. See Geer v. People of the State of New York, No. 14-cv-5216. Moreover, should plaintiff succeed in invalidating his sentence, a valid Section 1983 claim for money damages may arise at a later date. See Heck, 512 U.S. at 486-87.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Carol Bagley Amon

Dated: Brooklyn, New York
January 22, 2015

Carol Bagley Amon
Chief United States District Judge